IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KYLE SMITH, | § | |
|    Plaintiff, | § | |
| | § | |
| v. | § | No. 3:20-cv-03304-C (BT) |
| | § | |
| MARIAN BROWN, | § | |
|    Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kyle Smith filed a *pro se* civil rights action under 42 U.S.C. § 1983 on November 3, 2020, when he was imprisoned at the Dallas County Jail. The Court granted Smith leave to proceed *in forma pauperis* but withheld issuance of process pending judicial screening. Now having completed the judicial screening, the undersigned recommends that the Court dismiss Smith's complaint for failure to state a claim.

I.

Smith alleges that he arrived at the Dallas County Jail on August 10, 2020. Compl. 5. He was tested for COVID-19 on August 13, 2020, and at that time, he was negative. *Id.* However, on September 18, 2020, he became sick with a fever and a backache. *Id.* Plaintiff alleges that Marion Brown, the Dallas County Sheriff, exposed him to overcrowding at the Dallas County Jail. *Id.* As a result, he contracted COVID-19. *Id.* 3-5. After that, he had to spend twenty-one days in quarantine. *Id.* 5. Smith claims that the overcrowding and failure to social distance

at Dallas County Jail caused him to contract COVID-19. *Id.* Based on this conduct, Smith seeks compensation for the "pain and suffering" he endured. *Id.*

II.

Smith filed his complaint when he was a prisoner at the Dallas County Jail, but he does not allege whether he is incarcerated or detained pending trial. In either case, however, his complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a)-(b).

Under 28 U.S.C. § 1915(e), a district court may also summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*

2

at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.

The Eighth Amendment prohibits the imposition of "cruel and unusual punishments." U.S. Const. amend. VIII. Although the Eighth Amendment does not require comfortable prisons, it does not allow inhumane ones either. *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015) (citing *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015)); *see also Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989) ("In this Circuit, we have recognized that conditions of confinement which expose inmates to communicable diseases and identifiable health threats implicate the guarantees of the Eighth Amendment."). To state an Eighth Amendment conditions of confinement claim, a plaintiff must allege that his confinement caused an objectively serious deprivation that "constitutes a 'denial of the minimal civilized measures of life's necessities.'" *Coleman v. Sweetin*, 745 F.3d 756, 764 (5th Cir. 2014) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Prison officials have duties under the Eighth Amendment, which include the provision of adequate food, clothing, shelter, and medical care. *Woods v. Edwards*, 51 F.3d 577, 581 n.10 (5th Cir. 1995) (citing *Farmer*, 511 U.S. at 832). When stating an Eighth Amendment claim, a plaintiff must also allege that the prison official acted with a sufficiently culpable state of mind. *Coleman*, 745 F.3d at 764.

"[S]ince pretrial detainees and convicted state prisoners are similarly restricted in their ability to fend for themselves, the State owes a duty to both groups that effectively confers upon them a set of constitutional rights that fall under the Court's rubric of 'basic human needs.'" *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). The basic human needs of pretrial detainees are "protected by the Due Process Clause of the Fourteenth Amendment," *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017) (citing *Cupit v. Jones*, 835 F.2d 82, 84-85 (5th Cir. 1987)), which affords them "protections [that are] 'at least as great as . . . those available to a convicted prisoner,'" *Price v. Valdez*, 2017 WL 3189706, at *5 (N.D. Tex. July 27, 2017) (quoting *Hare*, 74 F.3d at 639; original brackets omitted).

Here, Smith alleges that he was subjected to conditions of confinement at the Dallas County Jail that caused him to get sick. Specifically, he claims that the overcrowding and failure to social distance led to him contract COVID-19 on September 18, 2020. But Smith's conditions of confinement claim is conclusory in nature, and this alone warrants denying the claim and granting leave to amend. *See Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (noting that a plaintiff must plead "facts sufficient to show that her claim has substantive plausibility" and "[t]he court should freely grant leave [to amend a pleading] when justice so requires."). Smith fails to allege facts to show that the Jail's policies as to social distancing are unreasonable. And he does not allege that defendant Marian Brown knew of and disregarded the conditions of confinement he challenges as

unconstitutional. *See Torres v. Livingston*, 972 F.3d 660, 663 (5th Cir. 2020) ("Deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm.") (quoting *Williams v. Banks*, 956 F.3d 808, 811 (5th Cir. 2020) (brackets omitted)). Smith has therefore failed to state a claim upon which relief can be granted.

IV.

The Court recommends that Smith's civil action be dismissed under 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

Because it is not clear that Smith has yet pleaded his best case, and he has not been granted leave to amend his complaint, the District Court should allow Smith 21 days from the date of any order accepting these Findings, Conclusions, and Recommendation in which to file an amended complaint and should order that if Smith fails to do so, all of his claims will be dismissed with prejudice without further notice.

Signed January 19, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).